IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:18-cr-00029

RORY WHITE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's pro-se *Motion for 'Compassionate Release' Sentence Reduction Pursuant to Title 18 U.S.C. § 3582(c)(1)(a)* (Document 19), as well as a supportive letter from a family member. He indicates that he has met the exhaustion requirements by making a similar request to the warden of his institution, to which he received no response. He requests early release due to several medical conditions that increase his risk of serious illness or death should he contract COVID-19, and notes that FCI-Gilmer, where he is incarcerated, has experienced multiple outbreaks. The United States has not filed a response.

In addition to requesting a sentence reduction, the Defendant requested appointment of counsel. The Court finds that he adequately set forth the basis for his motion, and appointment of counsel is not necessary to facilitate a full review of the motion.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires fact-specific inquiry into the defendant's circumstances and offense. The Fourth Circuit recently addressed the scope of relief available under § 3582(c)(1)(A), concluding that courts may make an individualized determination about whether "extraordinary and compelling" reasons for release exist pending the adoption of an "applicable policy statement" by the Sentencing Commission, with which reductions must be "consistent." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *1, *9 (4th Cir. Dec. 2, 2020).

2

On June 6, 2018, the Court imposed a sentence of 125 months incarceration to be followed by four years of supervised release for the Defendant's conviction for conspiracy to distribute and possess with intent to distribute a quantity of oxycodone, 500 grams or more of a methamphetamine mixture, and a quantity of a substance containing heroin, in violation of 21 U.S.C. § 846. He and several defendants in related cases were involved in a significant drug distribution conspiracy. The Defendant supplied substantial quantities of prescription painkillers, heroin, and methamphetamine to others who distributed the drugs. He has significant criminal history, including multiple prior convictions for controlled substance offenses and weapons offenses. The Bureau of Prisons Inmate Finder tool indicates that his anticipated release date is December 20, 2026.

The Defendant's medical conditions include hypertension, obesity, a heart condition, and seizures, as well as fractures and a torn ACL that limit his activity. He also suffers from anxiety and depression. Those conditions place him at heightened risk should he contract COVID-19. The Court does not take that risk lightly.[1] However, the Court finds that the 3553(a) factors do not support early release and granting his motion would produce unwarranted sentencing disparity between the Defendant and others, both among all defendants convicted of similar offenses and the other defendants sentenced in related cases. The Defendant's offense was serious and releasing the Defendant after serving less than half of his sentence would not meet the goals of sentencing, including just punishment and deterrence.

---

1 The Court's order is not intended to express any opinion regarding any remedies related to the conditions of confinement that might be available through the BOP or a court with jurisdiction over the facility in which the Defendant is confined.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for 'Compassionate Release' Sentence Reduction Pursuant to Title 18 U.S.C. § 3582(c)(1)(a)* (Document 19) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: January 25, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA